﻿Citation Nr: 18132499
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 15-11 259
DATE: September 6, 2018
ORDER
Entitlement to service connection for a traumatic brain injury (TBI), claimed as a concussion is denied.
FINDING OF FACT
There is a preponderance of the evidence that a TBI did not occur in service, and residuals thereof have not been clinically established. 
CONCLUSION OF LAW
The criteria for Entitlement to service connection for a TBI, claimed as a concussion have not been met. 38 U.S.C.§§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2016). 
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had a period of active service from August 1966 to August 1968. He was awarded a Combat Infantryman’s Badge among his awards and decorations. He appeared at a Board hearing in March 2018.
Entitlement to service connection for a traumatic brain injury (TBI), claimed as a concussion. 
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131(2012); 38 C.F.R. § 3.303 (2017). “To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”—the so-called “nexus requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).
Pursuant to 38 C.F.R. § 3.303(b) (2017), where a chronic disease is shown in service, subsequent manifestations of the same chronic disease are generally service connected. If a chronic disease is noted in service, but chronicity in service is not adequately supported, a showing of continuity of symptomatology after separation is required. Entitlement to service connection based on chronicity or continuity of symptomatology pursuant to 38 C.F.R. § 3.303(b) (2017) applies only when the disability for which the Veteran is claiming compensation is due to a disease enumerated on the list of chronic diseases in 38 U.S.C. § 1101(3) (2012) or 38 C.F.R. § 3.309(a) (2017). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).
Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits. VA shall consider all information lay and medical evidence of record in a case and when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107 (2012); 38 C.F.R. § 3.102 (2017); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, a preponderance of the evidence must be against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996).
The first element of Shedden is not established for this claim because the record demonstrates that the Veteran does not currently have a diagnosis of TBI or the residuals thereof. In an October 2013 VA TBI examination, the examiner confirmed that the Veteran does not currently have a diagnosis of TBI. The Veteran has contested the adequacy of the examination, but it appears adequate on its face.
The Veteran’s essential contention is that he currently suffers from TBI that is related to service. He has contended that he was thrown from an open jeep, briefly rendered unconscious, and was told he had a concussion. The Board observes, however, that the Veteran’s service and private treatment records are negative for complaints, treatments, or diagnoses of a concussion or residuals of a TBI. Significantly at the time of separation from service no history of a motor vehicle accident was recorded, there were no complaints of headaches or other signs or symptoms of a concussion, and all systems were evaluated as normal. On subsequent VA examinations, including those for PTSD the Veteran failed to mention being thrown from a vehicle.
In a March 2018 hearing before the undersigned, the Veteran asserts that he suffered a concussion in-service while being transported in an open-air jeep. He complains of TBI trauma stemming for the in-service accident which resulted in frequent headaches, memory loss, and concentration problems. The Veteran explained that at the time of his alleged head trauma he did not seek treatment in-service. He has elsewhere reported that he was loaded onto a truck and taken for treatment.
In an October 2013 VA examination, the examiner diagnosed the Veteran as negative for a TBI injury or any residuals. The examination also revealed a normal brain scan, judgment, orientation, motor skills, and neurobehavioral effects. The examiner opined that there is greater than a fifty percent probability that the Veteran does not suffer from TBI. He explained that the Veteran drives without restriction, manages his own financial affairs, and visits his wife and family in Mexico twice a year. The examination results reveal that the Veteran is functioning at a normal neurological brain level with no signs of any brain trauma. 
As noted above, “To establish a right to compensation for a present disability, a Veteran must show: “the existence of a present disability”. Shedden. The medical evidence on file does not reveal clinical findings of TBI at this time. Therefore, entitlement to service connection for TBI is denied. 
There is in short, other than the Veteran’s recently recalled history, no evidence that he sustained a concussion in service, as noted it was not noted at any time contemporaneous with service and was not mentioned at the time stressors were reported for PTSD exams. Any recorded diagnosis of a TBI seems based largely on this not otherwise recorded history, as there are not brain scans or other objective studies indicating residuals of a concussion or TBI.
If, at a future date, TBI is clinically established, the Veteran may reopen his claim at that time.
 
MICHAEL D. LYON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Elliot Harris, Associate Counsel